IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| BRITTANY SMILEY, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Docket No. 3:18-cv-00994 |
| | ) | FLSA Opt-in Collective Action |
| AMERICAN FAMILY CARE, INC., and AMERICAN FAMILY CARE OF TENNESEE, LLC, | ) ) ) ) | JURY DEMANDED |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AND COMPEL ARBITRATION

Pursuant to 9 U.S.C. §§ 3 and 4, Defendants American Family Care, Inc. and American Family Care of Tennessee, LLC (collectively "Defendants") respectfully submit this Memorandum in Support of its Motion to Dismiss and Compel Arbitration. Because the parties are mutually bound by the terms and conditions of the Arbitration Agreement, this action should be dismissed and the parties compelled to arbitration.

## FACTUAL BACKGROUND

Plaintiff Brittany Smiley ("Plaintiff") commenced this action on October 3, 2018, on behalf of herself and other similarly situated current and former employees, claiming violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). The Complaint alleges that Plaintiff and other similarly situated current and former employees were not properly compensated overtime wages. American Family Care, Inc. ("AFC") owns and operates clinic locations in several states, including Alabama, Georgia, Tennessee, and Florida. Declaration of James G. Kerr ("Kerr Decl."), attached to Motion as Exhibit 1. AFC employed Plaintiff as a medical assistant at its

1

Smyrna, Tennessee location. *Id.* at ¶ 4. All new employees execute an arbitration agreement as a condition of their employment with AFC. *Id.* at ¶ 7. The Plaintiff executed the Arbitration Agreement on January 22, 2017. *Id.*, Ex. A to Kerr Decl. New employees are provided electronic access to the new hire paperwork, including the Arbitration Agreement, and have the opportunity to review it before signing electronically. *Id.* at ¶ 8. After executing the Arbitration Agreement, Plaintiff had the opportunity to obtain a copy of the Arbitration Agreement and had access to it at all times thereafter. *Id.* at ¶ 9.

The Arbitration Agreement mutually requires AFC and its employees, including Plaintiff, to present their work-related claims for resolution through binding arbitration. The Arbitration Agreement states as follows:

> As a condition of my continued employment with American Family Care, Inc. (hereinafter referred to as "AFC"), AFC and Employee agree to settle any controversy, dispute or claim arising out of or relating to my employment with AFC or the cessation of my employment with AFC, by final and binding arbitration administered by the American Arbitration Association under its National Rules for the Resolution of Employment Disputes (then in effect), and a judgment upon the award rendered by the single arbitrator may be entered by any court having jurisdiction thereof. By way of example only, such claims shall include, but not be limited to, claims asserted under any federal, state, or local statutory or common law, such as the Pregnancy Discrimination Act (as amended), the Americans with Disabilities Act (as amended), the Age Discrimination Act (as amended), the Civil Rights Act (as amended), the Rehabilitation Act (as amended), the Immigration Reform and Control Act (as amended), the law of contract and the law of tort. The location of the arbitration hearing shall be in Birmingham, Alabama. AFC and Employee shall share equally all of the administrative costs associated with the filing and prosecution of the Arbitration. Employee understands that he/she shall bear the expense of his/her own legal counsel, if necessary. The arbitrator shall, however, have the power to grant any relief available under the applicable federal or state statute, including attorneys' fees and costs. AFC and Employee acknowledge and understand that employment with AFC involves and affects interstate commerce.

The Arbitration Agreement contains specific arbitration rules based on the American Arbitration Association's Rules for the Resolution of Employment Disputes and Employment Arbitration

Rules and Mediation Procedures (the "AAA Rules"). AFC's arbitration process affords participants an adequate opportunity to redress any claims that they might otherwise assert in court. Pursuant to the AAA Rules and AFC's Arbitration Agreement, an employee may be represented by counsel throughout the arbitration proceedings. The AAA Rules also allow for discovery, including depositions. The arbitrator has authority to award the same remedies that would be available to the employee in court. In sum, the Arbitration Agreement mutually binds AFC and its employees to arbitration, facilitates resolution of disputes without the expense of litigation, permits representation by counsel, utilizes professional arbitration services, provides for fair discovery, provides a trial-like hearing, authorizes the arbitrator to award full relief, and provides for a written decision.

## **LEGAL ARGUMENT**

The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"), provides that a written agreement to arbitrate disputes arising out of a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Upon receiving a request to compel arbitration, "[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not at issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.* § 4.

When considering a motion to dismiss and compel arbitration under the FAA, a court has four tasks:

> [F]irst, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of the agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action

3

are subject to arbitration, it must determine whether to stay the
remainder of the proceedings pending arbitration.

*Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000); *see also Uszak v. AT&T Mobility Servs., LLC*, 658 F. App'x 758, 761 (6th Cir. 2016). Here, the parties agreed to arbitrate and this conflict falls within the scope of the Arbitration Agreement. Further, claims such as those asserted by the Plaintiff are arbitrable. Finally, because all of Plaintiff's claims are subject to arbitration, this matter should be dismissed.

### The Parties Agreed to Arbitrate

It is clear that the Plaintiff and Defendants agreed to arbitrate this dispute and that the agreement between Plaintiff and Defendants is valid. In considering an arbitration agreement's validity, "the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate." *Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). Whether a valid agreement to arbitrate exists is determined by state law. 9 U.S.C. § 2. An arbitration agreement may be voided for the same reasons for which any contract may be invalidated under state law, "provided the contract law applied is general and not specific to arbitration clauses." *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003). Thus, courts look to state law to determine whether or not a contract is valid. *Id.*

The Arbitration Agreement here is valid and enforceable under Tennessee law. Under Tennessee law, a contract "must result from a meeting of the minds of the parties in mutual assent to the terms, must be based upon a sufficient consideration, free from fraud or undue influence, not against public policy and sufficiently definite to be enforced." *Staubach Retail Servs.-Southeast, LLC v. H.G. Hill Realty Co.*, 160 S.W.3d 521, 524 (Tenn. 2005). There is a general presumption that a party is bound by a signed contract expressing an agreement because both

4

parties have a duty to learn a contract's contents before signing. *See Giles v. Allstate Ins. Co.*, 871 S.W.2d 154, 156–57 (Tenn. Ct. App. 1993).

In this case, Plaintiff voluntarily executed the Arbitration Agreement on January 22, 2017. At that time, she agreed to comply with AFC's Arbitration Agreement and procedures:

> As a condition of my continued employment with American Family Care, Inc. (hereinafter referred to as "AFC"), AFC and Employee agree to settle any controversy, dispute or claim arising out of or relating to my employment with AFC or the cessation of my employment with AFC, by final and binding arbitration . . .

Kerr Decl., Ex. A.

There is no evidence that the Arbitration Agreement was procured as a result of fraud or undue influence. The Arbitration Agreement is set forth on a separate page with a bolded heading entitled "Arbitration Agreement." *Id.* at Ex. A. It sufficiently and definitively sets forth the terms of the Arbitration Agreement and acknowledges that the employee agrees to the agreement "[a]s a condition of . . . continued employment." *Id.* Plaintiff was provided with the opportunity to review the Arbitration Agreement before signing the document. *Id.* at ¶ 8. After her execution, the Plaintiff was able to obtain a copy of the Arbitration Agreement and had continued access to it thereafter. *Id.* at ¶ 9. By signing the Arbitration Agreement and commencing employment with AFC, Plaintiff agreed that all claims within the scope of the Arbitration Agreement would be submitted to binding arbitration.

Courts have routinely enforced arbitration provisions executed under similar circumstances. *See, e.g. Elliot v. NTAN, LLC*, Case No. 3:18-cv-00638, 2018 U.S. Dist. LEXIS 200508 (M.D. Tenn. Nov. 27, 2018) (enforcing electronically signed arbitration agreement); *Cronk v. TRG Customer Solutions, Inc.*, Case No. 1:17-cv-00059, 2017 U.S. Dist. LEXIS 190719 (M.D. Tenn. Nov. 17, 2017) (same); *Braxton v. O'Charley's Rest. Props., LLC*, 1 F. Supp. 3d 722, 728 (W.D. Ky. 2014) (enforcing arbitration agreement where Plaintiffs were informed of the

agreement, were allowed to review it, and were informed they were required to agree to it as a condition of their employment).

Moreover, the Arbitration Agreement lacks any aspects of substantive or procedural unconscionability. Under Tennessee law, mere inequality between two parties to an agreement is not sufficient to find unconscionability. *See Cooper v. MRM Inv. Co.*, 367 F.3d 493, 504 (6th Cir. 2004) (finding no unconscionability, even where the agreement was between a sophisticated employer and a low-level fast-food worker). Rather, unconscionability is found where "the inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so oppressive that no reasonable person would make them on one hand, and no honest and fair person would accept them on the other." *Seawright v. Am. Gen. Fin.*, 507 F.3d 967, 977 (6th Cir. 2007) (quoting *Haun v. King*, 690 S.W.2d 869, 872 (Tenn. Ct. App. 1984)). The Sixth Circuit has held that an arbitration agreement in the employment context is not so unreasonable if the terms are mutual and the agreement is not aimed solely at limiting the liability of the employer. *Id.* at 977; *Cooper*, 367 F.3d at 505.

### This Dispute Falls Within the Scope of the Arbitration Provision

The arbitration provision clearly governs the instant dispute between Plaintiff and Defendants. In determining whether the claims fall within the scope of the arbitration provision, "there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (internal citations and quotation marks omitted). In other words, keeping in mind the "strong federal policy in favor of arbitration . . . any ambiguities

6

in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration." *Stout*, 228 F.3d at 714.

The Arbitration Agreement states that "any controversy, dispute, or claim arising out of or relating to" the Plaintiff's employment with AFC is subject to mandatory arbitration. Kerr Decl., Ex. A. In the Complaint, Plaintiff alleges that Defendants failed to pay properly compensate her overtime wages while she was employed and accordingly, violated the FLSA. Complaint, Doc. No. 1, ¶ 17. Plaintiff's claims arise out of and relate to her employment and thus, fall within the scope of the Arbitration Agreement.

### Employment Claims, Including FLSA Claims, Are Subject to Arbitration

Further, there is no indication that Congress intended for FLSA claims to be nonarbitrable. The Supreme Court has ruled that the FAA requires enforcement of arbitration agreements in the employment context. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 35 (1991). FLSA claims are included among the class of arbitrable employment claims. *See Floss v. Ryan's Family Steak Houses, Inc.*, 211 F.3d 306, 313 (6th Cir. 2000) (holding mandatory arbitration agreements enforceable in FLSA context, but invalidating arbitration agreement on other grounds); *see also Johnson v. Long John Silver's Rests.*, 320 F. Supp. 2d 656, 661 (M.D. Tenn. 2004) ("Nowhere in the FLSA does Congress mandate a judicial forum."). Plaintiff's claims under FLSA can be resolved through arbitration and accordingly, the arbitration agreement should be enforced. *See Cronk*, 2017 U.S. Dist. LEXIS 190719 (compelling arbitration of Plaintiff's FLSA claims).

### This Matter Should be Dismissed

Because the arbitration agreement is enforceable, this matter should be dismissed. When all of a plaintiff's claims in a suit will be referred to arbitration, the Sixth Circuit has held dismissal is appropriate. *Ozormoor v. T-Mobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009) (affirming

7

the district court's order compelling arbitration and dismissing the complaint when all claims were referred to arbitration); *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) (noting that "[t]he weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted for arbitration"); *see also Doe v. Déjà vu Consulting, Inc.*, Case No. 3:17-cv-00040, 2017 U.S. Dist. LEXIS 142019 (M.D. Tenn. Sept. 1, 2017) (dismissing case when all of plaintiff's claims were compelled to arbitration). As all of the Plaintiff's claims are subject to arbitration, the court should dismiss Plaintiff's complaint.

## CONCLUSION

Plaintiff agreed to arbitrate any claims arising out of her employment with AFC when she executed a written Arbitration Agreement. Her claims under the Fair Labor Standards Act are within the scope of that agreement. Accordingly, all of her claims should be compelled to arbitration and this matter dismissed. Defendants respectfully request the Court enter an order compelling this matter to arbitration and dismissing Plaintiff's complaint.

Respectfully submitted this 10th day of January, 2019.

By: /s/ Daniel T. Swanson
Daniel T. Swanson (BPR No. 023051)
Heidi A. Barcus (BPR No. 015981)
LONDON & AMBURN, P.C.
607 Market Street, Suite 900
Knoxville, TN 37902
Phone: (865) 637-0203
Fax: (865) 637-4850
dswanson@londonamburn.com
hbarcus@londonamburn.com

*Counsel for Defendants American Family Care, Inc., and American Family Care of Tennessee, LLC*

# CERTIFICATE OF SERVICE

Under Local Rule 5.01, Defendants hereby certify that a true and accurate copy of the foregoing was served upon the parties listed below by the Court's CM/ECF electronic filing system and electronic mail. A Notice of this filing will also be sent by operation of the Court's electronic filing system to all counsel of record.

> Gordon E. Jackson (BPR No. 08323)
> J. Russ Bryant (BPR No. 033830)
> Paula R. Jackson (BPR No. 20149)
> Robert E. Turner (BPR No. 35364)
> **JACKSON, SHIELDS, YEISER & HOLT**
> 262 German Oak Drive
> Memphis, TN 38018
> Telephone: (901) 754-8001
> Facsimile: (901) 754-8524
> gjackson@jsyc.com
> rbryant@jsyc.com
> pjackson@jsyc.com
> rturner@jsyc.com

This 10th day of January, 2018.

> By: /s/ Daniel T. Swanson
> Daniel T. Swanson (BPR No. 023051)
> Heidi A. Barcus (BPR No. 015981)
> LONDON & AMBURN, P.C.
> 607 Market Street, Suite 900
> Knoxville, TN 37902
> Phone: (865) 637-0203
> Fax: (865) 637-4850
> dswanson@londonamburn.com
> hbarcus@londonamburn.com
>
> *Counsel for Defendants American Family Care, Inc., and American Family Care of Tennessee, LLC*