| | |
|---|---|
| BRITTANY SMILEY, individually and on behalf of others similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) AMERICAN FAMILY CARE, INC., and ) AMERICAN FAMILY CARE OF ) TENNESEE, LLC, ) ) Defendants. ) | Docket No. 3:18-cv-00994 FLSA Opt-in Collective Action JURY DEMANDED |

**REPLY IN SUPPORT OF MOTION TO DISMISS AND COMPEL ARBITRATION**

Defendants American Family Care, Inc. and American Family Care of Tennessee, LLC (collectively "Defendants") respectfully submit this Reply in Support of its Motion to Dismiss and Compel Arbitration. Because none of the Plaintiff Brittany Smiley's ("Plaintiff") arguments invalidate the mutual Arbitration Agreement, this action should be dismissed and compelled to arbitration.

**I.      The Arbitration Agreement Requires Arbitration of Plaintiff's Individual Claims**

Plaintiff argues that arbitration is inappropriate in this case because the Arbitration Agreement does address collective or class actions. Accordingly, Plaintiff argues that the parties did not agree to arbitration and the agreement is invalid. Contrary to Plaintiff's argument, the fact that the Arbitration Agreement does not explicitly address collective or class actions does not invalidate the agreement. Indeed, the Sixth Circuit has expressly held that when an arbitration agreement is silent regarding the availability of collective action, the clause is not invalidated, but rather the clause must be enforced and construed as prohibiting classwide arbitration. *See Reed Elsevier Inc. ex rel LexisNexis Div. v. Crockett*, 734 F.3d 594, 596 (6th Cir. 2013) (holding in the

1

context of a commercial billing dispute that an arbitration clause that was silent on the topic was enforceable, but did not authorize classwide arbitration). Importantly, the Court in *Reed Elsevier* rejected the defendant's claims that the agreement was unenforceable as unconscionable because it did not include the right to collective or class-actions. *Id.* at 600 ("[T]he absence of a class-action right does not render an arbitration agreement unenforceable"). The Sixth Circuit has applied the same principle in FLSA collective actions. *See Huffman v. Hilltop Cos.*, 747 F.3d 391, 398–99 (6th Cir. 2014) (extending holding in *Reed Elsevier* to apply to the case of a plaintiff who sought to pursue a collective action under the FLSA, stating: "[T]he parties' arbitration clause nowhere mentions classwide arbitration. We therefore conclude that the arbitration clause does not authorize classwide arbitration and hold that the plaintiffs must proceed individually."). Accordingly, the fact that an arbitration agreement remains silent on the right to collective action does not render it unenforceable. Rather, it requires the Court to enforce the arbitration agreement as written and compel the parties to arbitration on the plaintiff's individual claims. *Reed Elsevier*, 734 F.3d at 596; *Huffman*, 747 F.3d at 398–99. In light of the foregoing, the Court should grant the Defendants' motion and compel the parties to arbitration on Plaintiff's individual claims pursuant to the Arbitration Agreement.

## II. The Arbitration Agreement is Not Unconscionable.

Plaintiff additionally argues that the Arbitration Agreement is a contract of adhesion and unconscionable. However, under Tennessee law and Sixth Circuit precedent, the Arbitration Agreement is not a contract of adhesion and is enforceable. Accordingly, the Court should grant Defendants' motion and compel this matter to arbitration in accordance with the parties' agreement.

As an initial matter, contrary to Plaintiff's assertion, the Arbitration Agreement is not a contract of adhesion. Tennessee law defines an adhesion contract as being "a standardized form offered on what amounts to a 'take it or leave it' basis, without affording the weaker party a realistic opportunity to bargain, and under conditions whereby the weaker party can only obtain the desired product or service by submitting to the form of the contract." *Buraczynski v. Eyring*, 919 S.W.2d 314, 320 (Tenn. 1996). However, "a contract is not adhesive merely because it is a standardized form offered on a take-it-or-leave-it basis." *Seawright v. Am. Gen. Fin., Inc.*, 507 F.3d 967, 976 (6th Cir. 2007). In order to demonstrate a contract is adhesive, a party must show "the absence of a meaningful choice for the party occupying the weaker bargaining position." *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 501–02 (6th Cir. 2004). In order to satisfy this requirement in the employment context, "there must be evidence that [the employee] would be unable to find suitable employment if she refused to sign [the employer's] agreement." *Id.* at 502. Plaintiff has not produced any evidence that she would have been unable to find any suitable employment anywhere if she did sign the Arbitration Agreement and thus, cannot demonstrate that this was an adhesion contract.

Even if Plaintiff could demonstrate that the Arbitration Agreement was adhesive, she cannot show that it was unconscionable. Under Tennessee law, adhesion contracts are unenforceable only when the terms are "beyond the reasonable expectations of an ordinary person, or oppressive or unconscionable." *Buraczynski*, 919 S.W.2d at 320. A contract is unconscionable when the "inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so oppressive that no reasonable person would make them on one hand, and no honest and fair person would accept them on the other." *Haun v. King*, 609 S.W.2d 869, 872 (Tenn. Ct. App. 1984). Contracts can be either procedurally or substantively

3

unconscionable. *Wofford v. M.J. Edwards & Sons Funeral Home Inc.*, 490 S.W.3d 800, 818 (Tenn. Ct. App. 2015). The Arbitration Agreement is neither. The Arbitration Agreement is set forth on a separate page with a bolded heading entitled "Arbitration Agreement." Doc. No. 18-1 Page ID #50. It sufficiently and definitively sets forth the terms of the Arbitration Agreement. *Id.* Plaintiff was provided with the opportunity to review the Arbitration Agreement before signing the document. Doc. No. 18-1, Page ID #48. After her execution, the Plaintiff was able to obtain a copy of the Arbitration Agreement and had continued access to it thereafter. *Id.*

Plaintiff's argument that she did not have a reasonable time to review the Arbitration Agreement and did not understand the contents is not sufficient to prove unconscionability. First, "it is a bedrock principle of contract law that an individual who signs a contract is presumed to have read the contract and is bound by its contents." *84 Lumber Co. v. Smith*, 356 S.W.3d 380, 383 (Tenn. 2011). Further, Plaintiff does not claim that she was not given the chance to read the agreement, just that she did not understand what it said. That fact is not enough to prove procedural unconscionability. *See Pitman v. BSH Home Appliances Corp.*, Case No. 3:17-cv-70, 2017 U.S. Dist. LEXIS 130518, *4 (E.D. Tenn. Aug. 16, 2017).

Finally, the fact that the Arbitration Agreement did not contain an express waiver of the right to a jury does not render the agreement invalid. The Sixth Circuit has repeatedly rejected the claim that an arbitration agreement must contain a provision expressly waving the employee's right to a jury trial. *Cooper*, 367 F.3d at 506. "As to the failure of the arbitration clause to include a jury waiver provision, 'the loss of the right of a jury trial is a necessary and fairly obvious consequence of an agreement to arbitrate.'" *Burden v. Check into Cash of Ky, LLC*, 267 F.3d 483, 492 (6th Cir. 2001) (quoting *Sydnor v. Conseco Fin. Servs. Corp.*, 252 F.3d 302, 307 (4th Cir. 2001)).

Plaintiff's second argument that the Arbitration Agreement's cost splitting clause prevents a proper vindication of her FLSA rights is equally unavailing. The Arbitration Agreement does contain a provision which states that the administrative costs will be split between the parties, however, the agreement also specifically incorporates the American Arbitration Association Rules for Employment Disputes (the "AAA Rules"). Doc. No. 18-1, Page ID #50. Under the AAA Rules, an employee is only required to pay a $200 filing fee for proceedings before a single arbitrator. *See American Arbitration Association Rules for Employment Disputes*, attached hereto as **Exhibit A**. Arbitrator compensation is paid by the employer, including travel expenses for the arbitrator and travel expenses for any witnesses produced at the direction of the arbitrator. *Id.* The employer is also required to pay the administrative fees associated with arbitration, including hearing room rental fees. *Id.* The AAA Rules also specify arbitrator compensation, expenses, and administrative fees are not subject to reallocation to the employee unless the arbitrator determines the claim was frivolous. *Id.* Under the AAA Rules, Plaintiff's expenses are capped to the $200 filing fee and any fees incurred by witnesses called by the Plaintiff. Plaintiff would incur similar fees in any litigation, including litigation in this Court. The Arbitration Agreement is similar to the agreement which was found to enforceable in *Wilks v. Pep Boys*, 241 F.Supp.3d 860 (M.D. Tenn. 2003) which also incorporated the AAA Rules and capped the employee's out-of-pocket expenses. *Id.* at 863–66. As the *Wilks* court concluded, the Arbitration Agreement does not prevent vindication of the Plaintiff's FLSA rights and should be enforced.

## Conclusion

The Arbitration Agreement at issue is valid and enforceable under Tennessee law and applicable Sixth Circuit precedent. The Defendants respectfully request that the Court grant the motion and compel this matter to arbitration for resolution of Plaintiff's claims.

5

Case 3:18-cv-00994   Document 23   Filed 01/31/19   Page 5 of 6 PageID #: 87

Respectfully submitted this 31st day of January, 2019.

> By: /s/ Daniel T. Swanson
> Daniel T. Swanson (BPR No. 023051)
> Heidi A. Barcus (BPR No. 015981)
> Jessica Jernigan-Johnson (BPR No. 032192)
> LONDON & AMBURN, P.C.
> 607 Market Street, Suite 900
> Knoxville, TN 37902
> Phone: (865) 637-0203
> Fax: (865) 637-4850
> dswanson@londonamburn.com
> hbarcus@londonamburn.com
> jjerniganjohnson@londonamburn.com
>
> *Counsel for Defendants American Family Care, Inc., and American Family Care of Tennessee, LLC*

## CERTIFICATE OF SERVICE

Under Local Rule 5.01, Defendants hereby certify that a true and accurate copy of the foregoing was served upon the parties listed below by the Court's CM/ECF electronic filing system. A Notice of this filing will also be sent by operation of the Court's electronic filing system to all counsel of record.

> Gordon E. Jackson (BPR No. 08323)
> J. Russ Bryant (BPR No. 033830)
> Paula R. Jackson (BPR No. 20149)
> Robert E. Turner (BPR No. 35364)
> **JACKSON, SHIELDS, YEISER & HOLT**
> 262 German Oak Drive
> Memphis, TN 38018

This 31st day of January, 2019.

> By: /s/ Daniel T. Swanson
> Daniel T. Swanson (BPR No. 023051)
> LONDON & AMBURN, P.C.
> 607 Market Street, Suite 900
> Knoxville, TN 37902
> Phone: (865) 637-0203
> Fax: (865) 637-4850
> dswanson@londonamburn.com

6