IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRITTANY SMILEY, individually, and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | NO. 3:18-cv-00994 |
| v. | ) ) | JUDGE RICHARDSON |
| AMERICAN FAMILY CARE, INC., and AMERICAN FAMILY CARE OF TENNESSEE, LLC, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Pending before the Court is Defendants' Motion to Dismiss and Compel Arbitration. (Doc. No. 18.) For the reasons stated herein, Defendants' Motion will be DENIED, and this action will be STAYED pending arbitration.

**BACKGROUND**

This action arises from a Complaint filed by Plaintiff Brittany Smiley, on behalf of herself and other similarly situated current and former employees, which alleges violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). (Doc. No. 1 at ¶ 2.) Plaintiff alleges that she and other similarly situated current and former employees were not properly compensated overtime wages. (*Id.*) Plaintiff seeks collective action status on behalf of the class. Plaintiff prays for damages to include unpaid back wages due to Plaintiff and others who may join the suit, costs, and attorney's fees. (*Id.* at 6.)

Defendants American Family Care, Inc. and American Family Care of Tennessee, LLC ("AFC") filed a Motion to Dismiss and Compel Arbitration in accordance with the arbitration agreement signed by the Plaintiff on January 22, 2017 ("Agreement"), which all employees are

required to sign as a condition of their employment with AFC. (Doc. No. 18-1 at ¶ 7.) Plaintiff electronically signed the Agreement and could access a copy of the Agreement thereafter. (*Id.* at ¶ ¶ 8-9.) The Agreement requires all employees, including Plaintiff, to resolve claims against AFC through arbitration. The Agreement states:

> As a condition of my continued employment with American Family Care, Inc. (hereinafter referred to as "AFC"), AFC and Employee agree to settle any controversy, dispute or claim arising out of or relating to my employment with AFC or the cessation of my employment with AFC, by final and binding arbitration administered by the American Arbitration Association under its National Rules for the Resolution of Employment Disputes (then in effect), and a judgment upon the award rendered by the single arbitrator may be entered by any court having jurisdiction thereof. By way of example only, such claims shall include, but not be limited to, claims asserted under any federal, state, or local statutory or common law, such as the Pregnancy Discrimination Act (as amended), the Americans with Disabilities Act (as amended), the Age Discrimination Act (as amended), the Civil Rights Act (as amended), the Rehabilitation Act (as amended), the Immigration Reform and Control Act (as amended), the law of contract and the law of tort. The location of the arbitration hearing shall be in Birmingham, Alabama. AFC and Employee shall share equally all of the administrative costs associated with the filing and prosecution of the Arbitration. Employee understands that he/she shall bear the expense of his/her own legal counsel, if necessary. The arbitrator shall, however, have the power to grant any relief available under the applicable federal or state statute, including attorneys' fees and costs. AFC and Employee acknowledge and understand that employment with AFC involves and affects interstate commerce.

(Doc. No. 18-1, Ex. A.)

Plaintiff argues that, because the Agreement is devoid of any language referring to class or collective action disputes, the parties did not agree to waive their rights to collective adjudication. (Doc. No. 22 at 1-2.) Moreover, Plaintiff argues that the Agreement is an unconscionable contract of adhesion and that Plaintiff did not knowingly and voluntarily waive her rights to pursue a jury trial when she signed the Agreement. (*Id.* at 3-8.)

**LEGAL STANDARD**

The Federal Arbitration Act ("FAA") states that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or inequity for the revocation of any contract." 9 U.S.C. § 2 (2018). When asked to compel arbitration, a federal court must determine: whether the parties agreed to arbitrate; the scope of the arbitration agreement; whether Congress intended those claims to be nonarbitrable; and if some claims are nonarbitrable, whether to stay the remainder of the proceedings pending arbitration. *See Stout v. J.D. Byrider*, 228 F.3d 709, 214 (6th Cir. 2000). Additionally, the party seeking to avoid arbitration must show there is a genuine issue of material fact as to the validity or applicability of the arbitration agreement. *See Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). The FAA creates a presumption in favor of arbitration and "places arbitration agreements on equal footing with all other contracts." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006); *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 652-53 (6th Cir. 2003); *see also Saunders v. Am. Intercontinental Univ.*, No. 3:14-1045, 2014 WL 5776172, at *3 (M.D. Tenn. Nov. 5, 2014).

**DISCUSSION**

I. <u>PLAINTIFF CANNOT AVOID AN OTHERWISE APPLICABLE REQUIREMENT TO ARBITRATE MERELY BECAUSE THIS IS A COLLECTIVE ACTION.</u>

Plaintiff asserts that she is not required to arbitrate this action, because it is a collective action. (Doc. No. 22 at 2.) However, the Sixth Circuit has held that an arbitration clause that does not mention class-wide arbitration requires plaintiffs to proceed through arbitration individually. *See Huffman v. Hilltop Cos.*, 747 F.3d 391, 398-99 (6th Cir. 2014); *see also Reed Elsevier Inc. ex rel LexisNexis Div. v. Crockett,* 734 F.3d 594, 596 (6th Cir. 2013). In *Huffman*, the plaintiffs attempted to bring a collective action under the FLSA against their employer. *See* 747 F.3d at 394. The employees signed an arbitration agreement that did not mention class or collective actions. *See id.*

3

at 388-89. The court held that the arbitration clause did not authorize a class or collective action, so the plaintiffs had to proceed individually. *Id.*

Similarly, Plaintiff cannot avoid an otherwise applicable requirement simply because the Agreement does not expressly mention class or collective actions. As in *Huffman*, Plaintiff alleges an FLSA violation and attempts to bring a collective action, while the Agreement is silent on Plaintiff's ability to do so. *Id.* Therefore, Plaintiff must proceed individually through arbitration, if the Agreement is enforceable. *Id.*

II. THE AGREEMENT IS NOT A CONTRACT OF ADHESION.

Plaintiff argues that the Agreement is a contract of adhesion and unconscionable, rendering the Agreement unenforceable. "Because arbitration agreements are fundamentally contracts, arbitration agreements are evaluated according to the applicable state law of contract formation." *Smith v. Servicemaster*, No. 3:09-025, 2009 WL 1457143 (M.D. Tenn. May 22, 2009) (citing *Seawright v. Am. Gen. Fin. Servs., Inc.*, 507 F.3d 967, 972 (6th Cir. 2007)). Thus, in Tennessee, a contract of adhesion is a standardized contract offered to a weaker party on a "take it or leave it basis" where "the weaker party has no realistic choice as to its terms." *Buraczynski v. Eyring*, 919 S.W.2d 314, 320 (Tenn. 1996). However, for a contract to be adhesive, one must demonstrate there was no meaningful alternative for the weaker bargaining party. *See Seawright*, 507 F.3d at 976; *Cooper v. MRM Inv. Co.*, 376 F.3d 493, 501-02 (6th Cir. 2004).

An employment contract is adhesive only if a party can show there was no meaningful choice for the employee. *See Elliot v. NTAN, LLC*, No. 3:18-cv-00638, 2018 WL 6181351, at *4 (M.D. Tenn. Nov. 27, 2018) (citing *Seawright*, 507 F.3d at 976; *Cooper*, 376 F.3d at 502). A plaintiff must put forth evidence that she "lacked a meaningful choice between entering the [arbitration] agreement or seeking employment elsewhere." *Elliot*, 2018 WL 6181351, at *4. The Sixth Circuit

4

held in *Cooper* that an employee attempting to classify her employment contract, which required arbitration, as adhesive had to prove she had no other meaningful employment choices. *See Cooper*, 376 F.3d at 502. The employee presented no such evidence, and thus, the court could not find that the agreement was an adhesive contract. *Id.* As in *Cooper*, Plaintiff has neither alleged nor provided evidence that she lacked a meaningful choice between entering the agreement and seeking employment elsewhere. *Id; Elliot*, 2018 WL 6181351, at *4. Therefore, the Agreement is not an adhesive contract.

III. <u>THE AGREEMENT IS NOT UNCONSCIONABLE.</u>

Even if the Agreement were an adhesive contract, it would still be enforceable because it is not unconscionable. *See Cooper,* 367 F.3d at 503. Contracts are unconscionable if "the inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so oppressive that no reasonable person would make them on one hand, and no honest and fair person would accept them on the other." *Elliot*, 2018 WL 6181351, at *5 (citing *Seawright*, 507 F.3d at 977). As set forth below, the circumstances upon which Plaintiff relies to show unconscionability fail to do so.

**a. Cost of arbitration**

Plaintiff argues that the Agreement is unconscionable because the Agreement is ambiguous as to the cost of arbitration. Additionally, Plaintiff argues that the potential cost of arbitration could deter employees from arbitrating their claims. Plaintiff points to the language in the Agreement that "AFC and Employee shall share equally all of the administrative costs associated with the filing and prosecution of the Arbitration." (Doc. No. 18-1, Ex. A.) However, the Agreement explicitly requires both parties to engage in arbitration administered by the American Arbitration Association ("AAA") and adhere to the AAA National Rules for the Resolution of Employment

5

Disputes ("Rules"). *Id.* While an AFC employee is required to share in arbitration administrative costs, the Rules limit the employee's filing fee to $300.[1] Other costs, including the case management fee, hearing room rental, and arbitrator expenses, must be paid by the employer, unless the employee's claim is frivolous.[2] Suffice it to say, under the Rules, a claimant generally is very likely to face total costs of $300 maximum for arbitration itself.

Arbitration costs are not prohibitive when the arbitration agreement is constrained by the AAA. *See Wilks v. Pep Boys*, 241 F. Supp. 2d 860, 865 (M.D. Tenn. 2003). "It is the plaintiff's burden here to establish that this fee would be prohibitively expensive." *Id.* at 866 (citing *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 92 (2000)). In *Wilks*, the plaintiffs argued they would be precluded from vindicating their claims against their employer because the arbitration agreement, constrained by the AAA, required the parties to share equally in arbitration costs. *Id.* at 865. This Court held that the costs in the arbitration agreement were not prohibitive for the employees. *Id.* at 866. The Agreement is similar to the arbitration agreement enforced in *Wilks*. *Id.* at 865. Both agreements are governed by the AAA and the Rules, which provide a cap for an employee's costs when an employee files a suit.[3] *Id.* Additionally, the Agreement states that Plaintiff can recover fees and costs if she wins in arbitration. (Doc. No. 18-1, Ex. A.) Therefore, the costs in the Agreement are not prohibitive, and potential plaintiffs will be able to effectively vindicate their rights in arbitration.

### b. Location of arbitration

Plaintiff also claims that requiring her to travel to Alabama to participate in arbitration proceedings is unconscionable because it requires further expense to Plaintiff. Plaintiff argues that

---

[1] *See Employment/Workplace Fee Schedule*, AMERICAN ARBITRATION ASSOCIATION, (last updated October 1, 2017; last accessed July 3, 2019), https://www.adr.org/sites/default/files/Employment_Fee_Schedule.pdf.
[2] *See id.*
[3] *See id.*

it is unreasonable to require Plaintiff, who is a resident of Tennessee and whose claims arose in Tennessee, to litigate her claims in Alabama. As Plaintiff notes, AFC has facilities across the southeast, including in both Tennessee and Alabama, and is headquartered in Alabama. (Doc. No. 18-1 at ¶ 3.)

Yet, requiring Plaintiff to travel to Alabama for the arbitration proceedings is not unconscionable. It does not "shock the judgment of a person of common sense," *Elliot*, 2018 WL 6181351, at *5, nor are the terms "unreasonably harsh." *Mitchell v. Kindred Healthcare Operating, Inc.*, 349 S.W.3d 492, (Tenn. Ct. App. 2008) ("A contract is substantively unconscionable when its terms are unreasonably harsh.") (internal quotation marks omitted). Therefore, the Court finds that the clause requiring the parties to engage in arbitration in Birmingham, Alabama is not unconscionable.

**c. Right to a jury trial**

Plaintiff argues that she did not knowingly and voluntarily waive her right to a jury trial when she signed the Agreement because she did not have enough time to review the documents and did not understand the Agreement. Plaintiff testified that she did not remember signing the Agreement and that AFC gave her the Agreement in a packet of other forms she had to read and sign, including an employment application. (Doc. No. 22-1 at ¶ ¶ 4-5.) Plaintiff also testified that AFC did not verbally explain to her what the Agreement said. (*Id.* at ¶ 6.) However, "an individual who signs a contract is presumed to have read the contract and is bound by its contents." *84 Lumber Co. v. Smith*, 356 S.W.3d 380, 383 (Tenn. 2011). AFC provided Plaintiff with time to review the Agreement before signing, and Plaintiff had access to a copy of the Agreement after she signed it, indicating that Plaintiff had ample opportunity to review the Agreement before and after she signed it. (Doc. No. 18-1 at ¶ ¶ 8-9.)

Moreover, the Sixth Circuit has held that an arbitration agreement need not contain an explicit waiver of the right to a jury trial. *See Cooper*, 367 F.3d at 506. "[T]he loss of the right to a jury trial is a necessary and fairly obvious consequence of an agreement to arbitrate." *Burden v. Check Into Cash Kentucky, LLC*, 267 F.3d 483, 492 (6th Cir. 2001). Like the arbitration agreement in *Cooper*, the Agreement is "short, clear, and embodied in a separate document." *Cooper*, 367 F.3d at 508. The Agreement specifically states that an AFC employee will settle any employment claims in arbitration. Therefore, by entering into the Agreement, Plaintiff knowingly and voluntarily waived her right to a jury trial and must arbitrate her claim. For these reasons, the Court finds the Agreement's provisions to be enforceable.

IV. <u>ALTHOUGH THE ARBITRATION AGREEMENT IS ENFORCEABLE AGAINST PLAINTIFF, THIS COURT LACKS JURISDICTION TO COMPEL ARBITRATION BUT WILL STAY THIS ACTION PENDING ARBITRATION.</u>

Although the arbitration agreement is enforceable, this Court cannot compel arbitration outside of its own district. *See* 9 U.S.C. § 4 (2018). "[W]here the parties have agreed to arbitrate in a particular forum, only a district court in that forum has jurisdiction to compel arbitration pursuant to Section 4 [of the FAA]." *Mgmt. Recruiters Int'l, Inc. v. Bloor*, 129 F.3d 851, 854 (6th Cir. 1997). "Otherwise, the clause of [9 U.S.C. § 4] mandating that the arbitration and the order to compel issue from the same district would be meaningless." *Id.* (quoting *Merrill Lynch, Pierce, Fenner & Smith v. Lauer*, 49 F.3d 323, 327 (7th Cir. 1995)).

There is some disagreement among Circuit Courts as to "whether a court outside the district where arbitration is to occur may determine preliminary matters regarding the arbitration." *Gone to the Beach, LLC v. Choicepoint Servs., Inc.*, 434 F. Supp. 2d 534, 538 (W.D. Tenn. 2006); *see, e.g.*, *Lauer*, 49 F.3d at 329; *Textile Unlimited, Inc. v. A. BMH and Co., Inc.*, 240 F.3d 781 (9th Cir. 2001). In *Gone to the Beach*, the Western District of Tennessee determined a preliminary issue of

arbitrability, although it could not compel arbitration, stating that "[w]hile the Sixth Circuit has not specifically addressed the jurisdictional limitation encompassed in [9 U.S.C. § 4], it has implicitly held that a district court may determine issues of arbitrability even if it is not located in the district where arbitration is to take place." 434 F. Supp. 2d at 538. For example, the Sixth Circuit affirmed a district court's denial of a motion to compel arbitration but also determined that the dispute was arbitrable, even though the agreement required the parties to engage in arbitration outside of the United States. *See Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1009 (6th Cir. 2003).

Thus, although this Court cannot compel arbitration, it can determine whether this matter is subject to arbitration, because venue is proper in the Middle District of Tennessee under 28 U.S.C. 1391. *See Inland Bulk Transfer Co.*, 332 F.3d at 1009. Venue is proper in "any forum with a substantial connection to Plaintiff's claim." *Gone to the Beach*, 434 F. Supp. 2d at 538 (quoting *First of Mich. Corp.*, 141 F.3d at 263). In this instance, Plaintiff resides in Tennessee, and AFC employed Plaintiff in Smyrna, Tennessee. (Doc. No. 22 at ¶¶ 1, 3.) Additionally, the Agreement refers to this employment, and Plaintiff claims a violation of the FLSA that allegedly occurred during her employment with AFC. (Doc. No. 1 at ¶ 2; Doc. No. 18-1, Ex. A.) Therefore, venue is proper, and the Court can determine whether this matter is subject to arbitration.

The parties agreed to arbitrate in Birmingham, Alabama. (Doc. No. 18-1, Ex. A.) The United States District Court in the Northern District of Alabama, the district in which Birmingham is located, is the only federal district court that would have jurisdiction to compel that arbitration. *See Brady and Horne Co., Inc. v. Haskell Co.*, No. 08-2885, 2009 WL 10698661, at *6 (W.D. Tenn. July 8, 2009). Therefore, AFC's Motion to Dismiss and Compel Arbitration (Doc. No. 18) will be denied without prejudice to file a motion to compel arbitration in the Northern District of

Alabama (or, perhaps, an appropriate Alabama state court whose jurisdiction includes Birmingham). On the other hand, based on its authorized determination that this matter is subject to arbitration, this Court should "stay the proceeding pending arbitration." *Inland Bulk Transfer Co.*, 332 F.3d at 1018. It will do so.

## CONCLUSION

Having determined that the claims in this case are subject to arbitration but that this Court cannot *compel* that arbitration, the Court will DENY Defendants' Motion to Dismiss and Compel Arbitration. (Doc. No. 18.) However, this action will be STAYED indefinitely pending arbitration.

An appropriate Order will be entered.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE